FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSE GUADALUPE ESPINO-VALLE,<br><br>　　　　Defendant. | No.　2:18-CR-00041-SAB<br><br>ORDER DISMISSING THE INDICTMENT WITHOUT PREJUDICE |

　　　　A resentencing hearing is set for September 11, 2020. Defendant is represented by Molly Winston. The United States is represented by Russell Smoot.

　　　　Defendant was sentenced on July 12, 2018 to a year and a day incarceration, with credit for time served. ECF No. 46. Defendant appealed his sentence to the Ninth Circuit Court of Appeals. ECF No. 49. The United States moved for summary remand, which the Ninth Circuit granted on August 22, 2019. ECF No. 58. The Circuit vacated and remanded the case for resentencing. *Id.* The mandate was issued on September 13, 2019. ECF No. 60.

　　　　This Court ordered the parties to file a status report. ECF No. 61. The parties informed the Court that BOP released Defendant on or about January 11, 2019 and it was believed that U.S. Immigration and Customs Enforcement reinstated his prior removal and deported him from the United States in early 2019. ECF No. 63. Attempts to locate Defendant were unsuccessful. *Id.*

　　　　The resentencing hearing has been continued a number of times, due to counsel's unavailability and Defendant's unavailability. ECF Nos. 68, 69, 72. Defendant's counsel

ORDER DISMISSING THE INDICTMENT WITHOUT PREJUDICE ~ 1

asks the Court to dismiss the Indictment without prejudice because Defendant has not received notice of the hearing, has not waived his presence at the hearing, and has not provided consent to a resentencing hearing conducted by videoconference. The United States argues the Court can proceed with the resentencing hearing without Defendant's presence by affirming the sentence without prejudice, or stay, or hold in abeyance, the resentencing until Defendant can be located and notified of the Ninth Circuit's remand.

Fed. R. Crim P. 32(a)(1) directs the Court to impose a sentence without unnecessary delay. Here, the United States caused unnecessary delay of Defendant's resentencing by prematurely deporting Defendant. The United States, and only the United States, can decide when to deport Defendant. It could have waited to deport him until the appeal process was final and his resentencing was complete, but it did not do so. Defendant is entitled to be present at his resentencing. Because the United States did not, or cannot provide the requisite notice as ordered by this Court, and cannot secure his presence because it deported Defendant while the appeal was pending, due process and the interests of justice demand that the Indictment be dismissed without prejudice.

Accordingly, **IT IS ORDERED**:

1. The Indictment filed on March 6, 2018 is **dismissed without prejudice**.
2. The resentencing hearing set for September 11, 2020, is **stricken**.

The District Court Executive is directed to file this Order, provide copies to counsel and the United States Probation Office, and **close** the file.

**DATED** this 10th day of September 2020.



Stanley A. Bastian
Chief United States District Judge

ORDER DISMISSING THE INDICTMENT WITHOUT PREJUDICE ~ 2